# EXHIBIT A

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

Case: 1:22-cv-03518 Document #: 1-1 Filed: 06/24/22 Page 2 of 24 PageID #:7

| STATE OF ILLINOIS, CIRCUIT COURT | **SUMMONS** | *For Court Use Only* |
|---|---|---|

**Cook** COUNTY

**FILED**
5/20/2022 2:26 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH04890
Calendar, 5
17988270

**Instructions ▼**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

Enter the Case Number given by the Circuit Clerk.

Denise Daichendt and Ada "June" Odell, individually and on behalf of all others similarly situated

**Plaintiff / Petitioner** *(First, middle, last name)*

v.

CVS Pharmacy, Inc.

**Defendant / Respondent** *(First, middle, last name)*

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

**2022CH04890**

**Case Number**

Hearing Date: 9/19/2022 9:30 AM
Location: Court Room 2308
Judge: Cohen, Neil J

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

1. **Defendant/Respondent's address and service information:**

   In 1a, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

   a. Defendant/Respondent's primary address/information for service:
   Name *(First, Middle, Last)*:  CVS Pharmacy, Inc.
   Registered Agent's name, if any:  CT Corporation System
   Street Address, Unit #:  450 Veterans Memorial Parkway, Suite 7A
   City, State, ZIP:  East Providence, RI  02914
   Telephone:                    Email:

   In 1b, enter a second address for Defendant/Respondent, if you have one.

   b. If you have more than one address where Defendant/Respondent might be found, list that here:
   Name *(First, Middle, Last)*:  CVS Pharmacy, Inc.
   Street Address, Unit #:  One CVS Drive
   City, State, ZIP:  Woonsocket, RI  02895
   Telephone:  (401) 765-1500    Email:

   In 1c, check how you are sending your documents to Defendant/Respondent.

   c. Method of service on Defendant/Respondent:
   ☐ Sheriff          ☐ Sheriff outside Illinois:
                                                        *County & State*
   ☑ Special process server    ☐ Licensed private detective

SU-S 1503.2                    Page 1 of 4                    (06/21)

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:** |
| | Amount claimed: $ 50,000.00 + |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:** |
| | Name *(First, Middle, Last)*: Gary M. Klinger |
| | Street Address, Unit #: 227 W. Monroe Street, Suite 2100 |
| | City, State, ZIP: Chicago, IL 60606 |
| | Telephone: (866) 252-0878    Email: gklinger@milberg.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. |
| | To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):** |
| | ☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at: |
| | Address: 50 W. Washington, Suite 1001 |
| | City, State, ZIP: Chicago, IL 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. Attend court: |
| | On: _____ at _____ ☐ a.m. ☐ p.m. in _____ |
| | *Date*          *Time*                *Courtroom* |
| | **In-person at:** |
| In **4b**, fill out: <br>• The court date and time the clerk gave you. <br>• The courtroom and address of the court building. <br>• The call-in or video information for remote appearances (if applicable). <br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____ |
| | *Courthouse Address*      *City*              *State*      *ZIP* |
| | OR |
| | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"): |
| | By telephone: _____ |
| | *Call-in number for telephone remote appearance* |
| | By video conference: _____ |
| | *Video conference website* |
| | _____ |
| | *Video conference log-in information (meeting ID, password, etc.)* |
| | Call the Circuit Clerk at: _____ or visit their website |
| | *Circuit Clerk's phone number* |
| | at: _____ to find out more about how to do this. |
| | *Website* |

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** 5/20/2022 2:26 PM IRIS Y. MARTINEZ _____        *Seal of Court* |
| **STOP!** The officer or process server will fill in the Date of Service. | **Clerk of the Court:** _____ |
| | **This *Summons* must be served within 30 days of the witness date.** |
| | Date of Service: _____ |
| | *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

Case: 1:22-cv-03318 Document #: 1-1 Filed: 06/24/22 Page 4 of 24 PageID #:9

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Cook     COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | |
|---|---|
| Enter above the county where the case was filed. | Denise Daichendt and Ada "June" Odell, individually and on behalf of all others similarly situated<br><br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>CVS Pharmacy, Inc.<br><br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**2022CH04890**

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

‹ I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____
   _____

| |
|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. |

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| |
|---|
| Under the Code of Civil Procedure. 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |

**By:**

_____
*Signature by:* ☐ Sheriff
           ☐ Sheriff outside Illinois:

_____
           *County and State*
           ☐ Special process server
           ☐ Licensed private detective

**FEES**

Service and Return: $ _____
Miles _____   $ _____
Total           $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED
5/20/2022 2:26 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH04890
Calendar, 5
17988270

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

DENISE DAICHENDT and ADA "JUNE" ODELL individually and on behalf of themselves and all others similarly situated,

    Plaintiffs,

    v.

CVS PHARMACY, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **2022CH04890** _____

## CLASS ACTION COMPLAINT

Plaintiffs Denise Daichendt and Ada "June" Odell ("Plaintiffs"), individually and on behalf of all other persons similarly situated, by and through their attorneys, bring this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant CVS Pharmacy, Inc. ("CVS" or "Defendant"), and allege on personal knowledge, due investigation of their counsel, and, where indicated, on information and belief as follows:

### I.  NATURE OF THE ACTION

1.  Plaintiffs bring this action for damages, as well as other legal and equitable remedies resulting from the unlawful conduct of CVS as it relates to consumers' biometric privacy.

Specifically, CVS collects and stores consumers' biometric identifiers[1] and biometric information[2] (collectively referred to as "Biometrics") without first obtaining written consent or providing the same consumers with data retention and destruction policies.

2.      Biometrics are particularly sensitive personal information. As the Illinois Legislature has found, "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      In recognition of these concerns over the security of individuals' Biometric Data, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity may not obtain and/or possess an individual's Biometrics unless it: (1) informs that person (or their representative) in writing that a biometric identifier or biometric information is being collected or stored, *id.* 14/15(b)(1); (2) informs that person in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used, *id.* 14/15(b)(2); (3) receives a written release from the person (or their representative) for the collection of his or her biometric identifier or information, *id.* 14/15(b)(3); and (4) publishes publicly available written retention schedules and guidelines for permanently destroying Biometric Data, *id.* 740 ILCS 14/15(a). Further, the entity must store, transmit, and protect from disclosure

---

[1] "'Biometric identifier' means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

[2] "'Biometric information' means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.*

all Biometrics using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *Id.* 14/15(e). Finally, no private entity may sell, lease, trade, or otherwise profit from a person's or customer's Biometrics. *Id.* 14/15(c).

4.      In violation of each of the forgoing provisions of 15(a), 15(b) and 15(c) of BIPA, Defendant is actively collecting, storing, and using – without providing adequate notice, obtaining written consent, or publishing data retention policies – the Biometrics of thousands of Illinois residents who have obtained passport pictures in CVS's stores across the state. Defendant is also unlawfully profiting from the sale or commercial use of Biometrics – the same Biometrics that they collect under prongs 15(a) and 15(b) of BIPA.

5.      BIPA confers on Illinois residents, inclusive of Plaintiffs and the Class members, a right to know about the inherent risks of Biometrics collection and storage, and a right to know how long such risks will persist.

6.      Defendant failed to comply with its duties under Illinois law – CVS never adequately informed its consumers of its Biometrics collection practices, never obtained written consent from any of its consumers, and never provided any data retention or destruction policies to any of its consumers. Moreover, CVS invaded Plaintiffs and the putative class's privacy through the unauthorized collection, retention, and use of Plaintiffs' Biometrics.

7.      As such, Plaintiffs bring this action on behalf of themselves and all others similarly situated (hereinafter, the "Class") to prevent Defendant from further violating the statutory rights of Illinois' residents. Further, Plaintiffs also bring this Class Action Complaint (the "Action") to recover statutory damages for Defendant's unauthorized collection, storage, and use of these individuals' Biometrics.

3

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction and personal jurisdiction over the parties in this lawsuit.

9. This Court has personal jurisdiction over the Plaintiffs because they are citizens of Illinois and reside in this District.

10. Consistent with the Due Process Clauses of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over the Defendant because it conducts commerce in the State of Illinois, and is therefore present in the State of Illinois such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

11. Specifically, this Court has personal jurisdiction over Defendant because CVS owns, operates, or franchises hundreds of CVS stores in the state of Illinois. Defendant used and disseminated data derived directly from Illinois consumers, including Plaintiffs, and exposed residents of Illinois to ongoing privacy risks within Illinois based on the collection, capture, obtainment, disclosure, redisclosure, and dissemination of Biometrics. Furthermore, the images and recordings Defendant used for their unlawful collection, capture, and obtainment of Biometrics were taken at CVS stores located in the state of Illinois. Defendant knew, or should have known, that its collection, capture, obtainment, disclosure, redisclosure, and dissemination of impacted individuals' Biometrics would injure Illinois residents and citizens. Defendant knew or had reason to know that collecting, storing, using, disclosing and disseminating Illinois citizens' and residents' Biometrics without providing the requisite notice or obtaining the requisite consent would deprive Illinois citizens and residents of their statutorily protected privacy rights, neutralize Illinois citizens' and residents' ability to control access to their Biometrics and expose Illinois

4

residents to potential surveillance and other privacy harms as they went about their lives within the State.

12.     Venue is proper in this District under 736 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure because Plaintiffs had their Biometrics captured, collected, stored and/or used by the Defendant in Cook County, Illinois.

## III.   PARTIES

13.     Plaintiff Denise Daichendt is an Illinois resident residing in Cook County who had her Biometrics collected in January 2022 at the CVS store located at 6200 W Higgins Ave, Chicago, IL 60630 (Cook County) when she had her photo ID/passport picture taken. Plaintiff was not informed that her Biometrics were being taken, was not presented with a written retention/deletion schedule, and never gave written consent to have her Biometrics taken.

14.     Plaintiff Ada "June" Odell is an Illinois resident residing in Cook County who had her Biometrics collected in August 2021, at the CVS store located at 7139 N. Milwaukee Ave., Niles,  Illinois (Cook County), when she had her photo ID/passport picture taken.. Plaintiff was not informed that her Biometrics were being taken, was not presented with a written retention/deletion schedule, and never gave written consent to have her Biometrics taken.

15.     Defendant CVS Pharmacy Inc. is a corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895.  CVS Pharmacy Inc. collected, and profited from the collection of Plaintiffs' Biometrics in violation of the Illinois BIPA. CVS Pharmacy Inc. operates and controls CVS' retail business including the CVS stores at issue in this case, which is where the Biometrics of Plaintiffs and other class members were collected. CVS is a subsidiary of CVS Health Corporation.

## IV.   FACTUAL ALLEGATIONS

### The Illinois BIPA

16.     In 2008, the Illinois Legislature enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers biometric information, unless it first:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject ... in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

17.     The statute defined biometric identifiers as follows: "Biometric identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry."  As detailed below, This case concerns Defendants' collection of biometric identifiers by a "scan of  . . .  face geometry."

18.     To facilitate these informed notice and consent provisions, Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

6

19.     BIPA also makes it unlawful to share or sell "for profit" Biometrics without the proper consent, "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

20.     To enforce BIPA's requirements, the statute includes a private right of action authorizing "[a]ny person aggrieved by a violation" to sue and recover for each violation damages of $1,000 for a negligent violation, or $5,000 in the event of an intentional or reckless violation, plus attorneys' fees, costs, and appropriate injunctive relief. 740 ILCS 14/20.

21.     As alleged both above and below, Defendant's practices violate 740 ILCS 14/15(a)-(c).

## Defendants' Business

22.     CVS is "the leading health solutions company[.]"[3]

23.     "CVS" stands for the Consumer Value Store, and its stores provide pharmacy, food, basic clothing, baby products, office supplies, and toys – amongst other items. Currently, there are over 200 CVS stores in Illinois.

24.     One of the services that CVS provides for its consumers is passport pictures.

25.     According to CVS, "[CVS] take[s] passport and ID photos using the KODAK Biometric ID Photo System, which automatically verifies your photos meet all government requirements... [Consumers] receive two prints, one with [their] ID photos and one with [their] verification certificate."[4]

---

[3] https://www.cvshealth.com/about-cvs-health, (last accessed May 12, 2022).
[4] https://www.cvs.com/photo/passport-photos, (last accessed May 12, 2022).

26.     There are numerous CVS stores which offer the Biometric ID Photo System in the State of Illinois, which represents the locations where members of the putative Class have had their Biometrics collected.

### Defendant's Collection of Biometrics

27.     The KODAK Biometric ID Photo System allows users to take and edit pictures of facial images through the "KODAK | Alaris" application called "KODAK Moments."[5] KODAK advertises the software to end-user retail locations as a means to "Profit from passport photos."[6]

28.     CVS uses the KODAK Biometric ID Photo System to take photos for passports and other IDs, such as visas.[7] Passport photos, and photos for other official documents, have certain requirements regarding size of photos, the size of the image within the photo frame, and correct facial expressions. [cite to passport regs].    CVS advertises the System as ensuring that these requirements are met:

> We take passport and ID photos using the KODAK Biometric ID Photo System, which automatically verifies your photos meet all government requirements. No need to worry about the latest regulations – our patented system updates as regulations change.[8]

29.     When consumers have their passport photos taken at CVS, a CVS employee takes a photo using a digital camera. The digital image is then scanned for biometric identifiers using the KODAK Biometric ID Photo System. In particular, the KODAK Biometric ID Photo System performs a scan of face geometry on the consumer's photo.  In doing so, the Biometric ID Photo System collects, captures, stores, and/or or otherwise obtains consumers' Biometrics."

---

[5] https://imaging.kodakalaris.com/sites/default/files/files/products/KODAKPictureKioskSoftwareV6.1-sellsheet_A4_EN_LR.pdf, (last accessed May 21, 2022).
[6] *Id*, at 2.
[7] https://www.cvs.com/photo/passport-photos, (last accessed May 12, 2022).
[8] Id.

8

30.     As further evidence that the KODAK Biometric ID Photo System collects, captures, stores, and/or or otherwise obtains consumers' Biometrics, each consumer receives a "Certificate of Biometric Passport Photos" *after* the scan is complete, including Plaintiffs, which confirms that a scan of facial geometry was performed to confirm that the photos meet the following criteria:

   a.   Image must be the correct size;

   b.   There must be a proper width/height ratio;

   c.   *Correct head size*;

   d.   *Correct position of head in photograph*;

   e.   Image must be sufficiently bright;

   f.   Image must have sufficient color balance;

   g.   *Eyes must be open*;

   h.   *Eyes must be looking straight ahead*;

   i.   *Mouth must be closed and not smiling*;

   j.   *Eye glasses are not present/glare not present*; and

   k.   *Facial position must be in the proper position*.

31.     A photo of this card is included on the CVS website, and Plaintiffs each received it along with their printed passport photos after the scan was completed:[9]

---

[9]https://www.cvs.com/photo/passport-
photos?CID=aff:100357191:14424610&cjevent=1cec1782d2da11ec812c006d0a1c0e0c&cjdata=MXxOfDB8WXww



32.     The Certificate of Biometric Passport Photos further confirms that CVS has performed a scan of facial geometry on consumers, including Plaintiffs, and therefore collected, captured, stored, and/or or otherwise obtained Biometrics in the process.

33.     Indeed, CVS could not certify the Biometric Passport Photos as it does without collecting Biometrics because verifying the because verifying the specified criteria—eyes open, eyes looking straight ahead, mouth unsmiling, facial position, head size and so on–necessarily requires mapping and measuring these facial features.

### Defendant's Conduct Violates BIPA

34.     In collecting consumers' Biometrics, Defendant has violated BIPA because it never adequately informed its consumers of its Biometrics collection practices, never obtained written consent from any of its consumers, and never provided any data retention or destruction policies to any of its consumers. Defendant is also unlawfully profiting from the sale or commercial use of Biometrics under prong 15(c) of BIPA– the same Biometrics that they unlawfully collect under prongs 15(a) and 15(b).

## Plaintiffs' Experiences

### A. *Plaintiff Daichendt*

35.     Plaintiff Daichendt is an Illinois resident.

36.     On February 15, 2022, Plaintiff Daichendt had her ID photo and/or passport photo taken at a CVS location in Illinois. That CVS location uses the KODAK Biometric ID Photo System to take said photo – and therefore CVS collected, captured, stored, and/or or otherwise obtained Plaintiff's Biometrics in the process.

37.     Plaintiff did not know that Defendant would collect, obtain, store, and/or use her Biometrics. Plaintiff did not give informed written consent to collect, obtain, store, and/or use her Biometrics, nor was Plaintiff presented with or made aware of any publicly available retention schedule regarding her Biometrics. Plaintiff also did not know that Defendant would profit from the collection of her Biometrics.

38.     As such, the Defendant violated BIPA – specifically, sections 15(a), 15(b), and 15(c).

### B. *Plaintiff Odell*

39.     Plaintiff Odell is an Illinois resident.

40.     On October 1, 2021, Plaintiff Odell had her ID photo and/or passport photo taken at a CVS location in Niles, Illinois. That CVS location uses the KODAK Biometrics ID Photo System to take said photos – and therefore CVS collected, captured, stored, and/or or otherwise obtained Plaintiff's Biometrics in the process.

41.     Plaintiff did not know that Defendant would collect, obtain, store, and/or use her biometric identifiers or biometric information. Plaintiff did not give informed written consent to collect, obtain, store, and/or use her Biometrics, nor was Plaintiff presented with or made aware

of any publicly available retention schedule regarding her Biometrics. Plaintiff also did not know that Defendant would profit from the collection of her Biometrics.

42.     As such, the Defendant violated BIPA – specifically, sections 15(a), 15(b), and 15(c).

## V.     CLASS ALLEGATIONS

43.     This action is brought by the named Plaintiffs on their own behalf and on behalf of a proposed Class of all other persons similarly situated, pursuant to 735 ILCS 5/2-801, *et seq.,* defined as follows:

> All Illinois citizens during the statutorily allowed period whose biometric information or biometric identifiers were collected, captured, stored, purchased, received through trade, or otherwise obtained by CVS via the KODAK Biometrics ID Photo System for ID photos, passport photos, or any other identifying photos.

44.     All members of the proposed Class are citizens of Illinois. The principal injuries resulting from the alleged conduct or any related conduct of each Defendant were incurred in Illinois. On information and belief, no other class action is pending asserting the same or similar factual allegations against any of the defendant on behalf of the same or other persons.

45.     Excluded from the proposed class are any claims for personal injury, wrongful death, or other property damage sustained by the Class; and any Judge conducting any proceeding in this action and members of their immediate families.

46.     The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of Class members is unknown at this time, it is generally ascertainable by appropriate discovery, is in the exclusive control of CVS, and it is believed that the Class may include at least thousands of members.

47.     Common questions of law or fact arising from the defendant's conduct exist as to all members of the Class, as required by 735 ILCS 5/2-801. These common questions include, but are not limited to, the following:

12

a. Whether Defendant collected or otherwise obtained Plaintiffs' and the Class' Biometrics;

b. Whether Defendant properly informed Plaintiffs and the Class that it collected, used, and stored their Biometrics;

c. Whether Defendant obtained a written release to collect, use, and store Plaintiffs' and the Class' Biometrics;

d. Whether Defendant developed and made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying Biometrics when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

e. whether CVS used Plaintiffs' and the Class's Biometrics to identify them;

f. whether CVS's violations of BIPA were committed intentionally, recklessly, or negligently.

g. Whether Plaintiffs and members of the Class sustained damages as a result of CVS's activities and practices referenced above, and, if so, in what amount; and

h. Whether CVS profited from the activities and practices referenced above, and, if so, in what amount.

48. Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable. The class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication The expense and burden of individual litigation of a case of this magnitude makes it impracticable for individual Class members to seek redress for the wrongs worked upon them.

13

49.     Individual litigation of all claims which might be asserted by all Class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. The certification of a Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of individual Class members, and result in judicial consistency.

50.     Plaintiffs will fairly and adequately protect the interests of the Class they represent. The interests of Plaintiffs, as the Class representative, are consistent with those of the members of the Class. In addition, Plaintiffs are represented by counsel experienced in complex and class action litigation.

51.     The prosecution of separate actions by individual members of the Class would create a risk of:

  a.  Inconsistent or varying adjudications with respect to individual members of the Class; and

  b.  Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

52.     Plaintiffs and Class members envision no unusual difficulty in the management of this action as a Class action.

## VI.    CAUSES OF ACTION

**COUNT I**
**Violations of 740 ILCS 14/1, *et seq.***
**(on behalf of Plaintiffs and the Class)**

53.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

54. BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

55. Defendant is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

56. Plaintiffs and the Class members are individuals who had their Biometrics collected and stored by Defendant. *See* 740 ILCS 14/10.

57. Defendant systematically collected, used, stored, and/or otherwise obtained Plaintiffs' and the Class members' Biometrics derived from Plaintiffs' and the Class members' facial geometry without first obtaining the written release required by 740 ILCS 14/15(b)(3), and thereby uniformly invaded Plaintiffs' and each Class member's statutorily protected right to privacy in their biometrics.

58. Defendant failed to properly inform Plaintiffs or members of the Class in writing that their Biometrics were being collected, stored, or otherwise obtained, and of the specific purpose and length of term for which those biometrics were being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

59. In addition, Defendant does not provide a written, publicly available retention schedule and guidelines for permanently destroying the Biometrics of Plaintiffs or the Class

members, as required by BIPA. *See* 740 ILCS 14/15(a). Defendant's failure to provide such a schedule and guidelines constitutes an independent violation of the statute.

60.    Further, the Defendant profits from the collection and use of Biometrics as alleged herein. This also violates BIPA. *See* 740 ILCS 14/15(c).

61.    Each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiffs' and/or members of the Class's Biometrics, as well as sold for profit, as described herein constitutes a separate violation of the statutory right of Plaintiffs and each Class member to keep private this Biometrics, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

62.    On behalf of themselves and members of the proposed Class, Plaintiffs seek: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or, alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the violations are found to have been committed negligently; and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Class, respectfully request that this Court enter an Order:

> A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as Class Counsel;

B.  Declaring that the actions of Defendant, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C.  Awarding injunctive and other equitable relief as is necessary to protect the interests of the Illinois Class, including, *inter alia*, an order requiring that Defendant ensures its collection, storage, and usage of Biometrics complies with BIPA;

D.  Awarding Plaintiffs and the Illinois Class statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

E.  Awarding Plaintiffs and the Class reasonable litigation expenses and attorneys' fees;

F.  Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

G.  Awarding such other and further relief as equity and justice may require

Dated: May 19, 2022                    Respectfully submitted,

**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**

*/s/ Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
Email: gklinger@milberg.com

17

Andrei V. Rado*
Blake Hunter Yagman*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (212) 594-5300
Email:  arado@milberg.com
          byagman@milberg.com


Matthew Lee*
Erin Ruben*
**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC**
900 W. Morgan Street
Raleigh, North Carolina 27605
Tel.:   919-600-5000
Email:  mlee@milberg.com
          eruben@milberg.com

Jonathan B. Cohen*
**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel.:   865-247-0080
Email: jcohen@milberg.com

*pro hac vice forthcoming

*Attorneys for Plaintiffs*

**Chancery Division Civil Cover Sheet**
**General Chancery Section**                                                           (02/19/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Denise Daichendt and Ada "June" Odell, individually and on
behalf of all others similarly situated,

                                                                 Plaintiff

                              v.                                            Case No: **2022CH04890**

CVS Pharmacy, Inc.

                                                                 Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ | Administrative Review |
| 0001 | ☑ | Class Action |
| 0002 | ☐ | Declaratory Judgment |
| 0004 | ☐ | Injunction |
| | | |
| 0007 | ☐ | General Chancery |
| 0010 | ☐ | Accounting |
| 0011 | ☐ | Arbitration |
| 0012 | ☐ | Certiorari |
| 0013 | ☐ | Dissolution of Corporation |
| 0014 | ☐ | Dissolution of Partnership |
| 0015 | ☐ | Equitable Lien |
| 0016 | ☐ | Interpleader |

| | | |
|---|---|---|
| 0017 | ☐ | Mandamus |
| 0018 | ☐ | Ne Exeat |
| 0019 | ☐ | Partition |
| 0020 | ☐ | Quiet Title |
| 0021 | ☐ | Quo Warranto |
| 0022 | ☐ | Redemption Rights |
| 0023 | ☐ | Reformation of a Contract |
| 0024 | ☐ | Rescission of a Contract |
| 0025 | ☐ | Specific Performance |
| 0026 | ☐ | Trust Construction |
| 0050 | ☐ | Internet Take Down Action (Compromising Images) |

        ☐ Other (specify) _____

Cook County Code: 64550

◉ Atty. No.: 6303726          ○ Pro Se 99500

Atty Name: Gary M. Klinger

Atty. for: Plaintiffs Denise Daichendt and Ada June Odell

Address: 227 W. Monroe Street, Suite 2100

City: Chicago _____ State: IL

Zip: 60606

Telephone: (866) 252-0878

Primary Email: gklinger@milberg.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's
Clerk's Office Electronic Notice Policy and
choose to opt in to electronic notice from the
Clerk's office for this case at this email address:

Email: _____

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org