IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE DAICHENDT and ADA "JUNE" ODELL, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) No. 1:22-cv-03318 ) ) Hon. Robert W. Gettleman |
| v. | ) ) Magistrate Judge Hon. Heather K. McShain |
| CVS PHARMACY, INC., | ) ) |
| Defendant. | ) ) ) |

# CVS PHARMACY, INC.'S MOTION TO DISMISS
# PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Matthew C. Wolfe
Andrew L. Franklin
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
mwolfe@shb.com
afranklin@shb.com

***Attorneys for Defendant***
***CVS Pharmacy, Inc.***

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................... 1

SUMMARY OF ALLEGATIONS ........................................................................................... 1

LEGAL STANDARD ............................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

    I.    As the Court already held, a biometric identifier must actually be capable of identifying an individual. ........................................................................................ 3

    II.    Plaintiffs' own pleading contradicts their claims, and does not plausibly plead identification. ................................................................................................. 4

        A.    The Certificate and the CVS Website, both relied upon in the First Amended Complaint, demonstrate that the Photo System only checks features; it does not identify individuals. ......................................... 5

            1.    The Certificate and the CVS Website demonstrate that the Photo System simply checks for the presence of certain features. ................................................................................................ 5

            2.    A scan of face geometry is not necessarily identifying, and the technology here does not identify an individual. ...................... 6

            3.    Without basis, the First Amended Complaint converts "features" into "identifiers." ............................................................. 8

        B.    The alleged collection of names, phone numbers, and emails does not change the analysis. ............................................................................... 9

CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. City of Indianapolis*,
   742 F.3d 720 (7th Cir. 2014) ......................................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................................2

*Brooks v. Ross*,
   578 F.3d 574 (7th Cir. 2009) ......................................................................................................2

*Brown v. CACH LLC*,
   No. 20-cv-4579, 2021 WL 4133517 (N.D. Ill. Sept. 10, 2021) ..................................................9

*Carpenter v. McDonald's Corp.*,
   580 F. Supp. 3d 512 (N.D. Ill. 2022) .........................................................................................4

*Mid-Am. Reg'l Bargaining Ass'n v. Will Cnty. Carpenters Dist. Council*,
   675 F.2d 881 (7th Cir. 1982) ......................................................................................................2

*Moyer v. Michaels Store, Inc.*,
   No. 14-c-561, 2014 WL 3511500 (N.D. Ill. July 14, 2014) ......................................................5

*Nationstar Mortgage LLC v. Benavides*,
   171 N.E.3d 514 (Ill. App. Ct. 2020) ..........................................................................................3

*Orgone Cap. III, LLC v. Daubenspeck*,
   912 F.3d 1039 (7th Cir. 2019) ....................................................................................................7

*Rivera v. Google Inc.*,
   238 F. Supp. 3d 1088 (N.D. Ill. 2017) .....................................................................................10

*Rosenbach v. Six Flags Entm't Corp.*,
   129 N.E.3d 1197 (Ill. 2019) ...................................................................................................3, 4

*Trio v. Turing Video, Inc.*,
   2022 WL 4466050 ...................................................................................................................10

*West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*,
   183 N.E.3d 47 (Ill. 2021) ...........................................................................................................4

**Statutes**

740 ILCS 14/1 *et seq.*.....................................................................................................................10

740 ILCS 14/5(c) ...........................................................................................................................3

740 ILCS 14/15 .............................................................................................................................3

**Other Authorities**

Black's Law Dictionary (11th ed. 2019)..................................................................................3

https://travel.state.gov/content/travel/en/passports/how-apply/photos.html..................................7

Merriam-Webster, https://www.merriam-webster.com ..........................................................3, 5, 8

State of Illinois, Office of the Attorney General, Public Access Op. No. 17-011,
    2017 WL 10084298 (Ill. A.G. Aug. 14, 2017) ........................................................................4

## INTRODUCTION

Plaintiffs Denise Daichendt and Ada "June" Odell ("Plaintiffs") have not cured the fundamental deficiency that ailed their original complaint. Although Plaintiffs have added allegations that CVS Pharmacy, Inc. ("CVS") collected personal identifying information at the Kodak Biometric ID Photo System ("Photo System") kiosks, they have not added, as the Court instructed, plausible allegations that the Photo System "made defendant capable of determining their identities." *See* Opinion Granting CVS's Motion to Dismiss, Dkt. 13, at 8–9 ("MTD Opinion"). Rather, Plaintiffs have added conclusory allegations and poorly-reasoned deductions that the "biometrics" that the Photo System uses are capable of identification, but what they mean—and the only inference the allegations will plausibly bear—is that the Photo System is capable of detection.

There is a fundamental difference. Identification is descriptive, detection is binary: "that is Mona Lisa's smile" versus "that is (or is not) a smile." A closer look at the CVS Passport Photos certificate and website, which Plaintiffs have rendered fair game, crystallizes that CVS is checking binary data against government requirements. Plaintiffs attempt to evade this reality with sleight of hand, uncritically equating biometric features and biometric identifiers, and using as many BIPA buzzwords as possible. They also contend that CVS's collection of personal and contact information as part of the Photo System changes this analysis. It does not. Even taking Plaintiffs' allegations as true, personal information plus abstract, binary data is not identifying. Plaintiffs' First Amended Complaint should be dismissed with prejudice.

## SUMMARY OF ALLEGATIONS

Plaintiffs' First Amended Class Action Complaint ("First Amended Complaint" or "FAC") alleges that they had their passport photos taken at CVS locations in Illinois using the Photo System. Dkt. 22, FAC ¶¶ 65, 72. In conclusory fashion, Plaintiffs contend that "therefore

CVS collected, captured, stored, and/or otherwise obtained Plaintiff[s'] [b]iometrics in the process." *Id*. ¶¶ 66, 73. Specifically, they claim that in order to use the Photo System they had to enter personal identifying information—name, phone number, and email address. *Id*. ¶¶ 44–49. Then, "a CVS employee takes a photo using a digital camera," and "the [Photo System] performs a scan of face geometry on the consumer's photo." *Id*. ¶¶ 50–51. The scan verifies that government requirements are met. *Id*. ¶¶ 37, 43. "[E]ach consumer receives a 'Certificate of Biometric Passport Photos' (the 'certificate') *after* the scan is complete." *Id*. ¶¶ 55–57. Plaintiffs further allege that CVS "can match" or is "capable of associating" the purportedly collected biometrics with the personal identifying information. *Id*. ¶¶ 7, 54.

## **LEGAL STANDARD**

To satisfy their pleading burden, plaintiffs must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, the allegations must raise the possibility of relief above the "speculative level." *Id*. at 555. Crucially, plaintiffs cannot satisfy *Twombly* by "merely parrot[ing] statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "Furthermore, conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Mid-Am. Reg'l Bargaining Ass'n v. Will Cnty. Carpenters Dist. Council*, 675 F.2d 881, 883 (7th Cir. 1982). "[C]onclusions of law and unreasonable inferences or unwarranted deductions of fact are not admitted." *Id*.

**ARGUMENT**

I.     **As the Court already held, a biometric identifier must actually be capable of identifying an individual.**

The purpose of BIPA is stated in the statute: Because biometrics are "biologically unique to the individual" and present "heightened risk for identity theft," the "public welfare, security, and safety will be served by regulating . . . biometric identifiers and information." 740 ILCS 14/15. For BIPA to apply at all, a "private entity" must collect or possess either a "biometric identifier" or "biometric information." *Id*. As the Illinois Supreme Court has explained, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp.*, 129 N.E.3d 1197, 1206 (Ill. 2019). Accordingly, the protections provided by BIPA are "crucial" precisely because they protect information that is "biologically unique to the individual." *Id.* (quoting 740 ILCS 14/5(c)).

Indeed, the plain meaning of "biometric identifier" demands uniqueness. "Biometrics" are "the measurement and analysis of *unique* physical or behavioral characteristics (such as fingerprint or voice patterns) *especially as a means of verifying personal identity*." Merriam-Webster, https://www.merriam-webster.com/dictionary/biometrics (emphasis added). "'[I]dentify' means to establish the identity of." *Nationstar Mortgage LLC v. Benavides*, 171 N.E.3d 514, 520 (Ill. App. Ct. 2020); *see also* Black's Law Dictionary (11th ed. 2019) (defining "identify" as "to prove the identity of a person or thing"); Merriam-Webster, https://www.merriam-webster.com (defining "identifier" as "one that identifies," and "identify" as meaning to "perceive or state the identity of" or to "ascertain the identity of"). Putting the plain meaning of "biometric" and "identifier" together, "biometric identifier" means unique characteristics that can establish individual identity.

3

Based on the foregoing, this Court agreed that to state a claim under BIPA, "plaintiffs must allege that defendant's collection of their biometric data made defendant capable of determining their identities … the most foundational aspect of a BIPA claim." MTD Opinion at 8–9. In other words, if the data is not associated with an individual's identity, it is not a biometric identifier at all. *See Rosenbach*, 129 N.E. 3d at 1206 (BIPA protects a "secrecy interest" that is personal and unique to the individual whose biometrics are collected.); *West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 183 N.E.3d 47, 58 (Ill. 2021) (BIPA protects "the right of the individual to keep his or her personal identifying information like fingerprints secret"); *Carpenter v. McDonald's Corp.*, 580 F. Supp. 3d 512, 515 (N.D. Ill. 2022) ("A biometric identifier is a unique personal feature that can be used to identify a person."); State of Illinois, Office of the Attorney General, Public Access Op. No. 17-011, 2017 WL 10084298, at *3 (Ill. A.G. Aug. 14, 2017) ("biometric identifier" encompasses only information "that identifies a person"); MTD Opinion at 8–9.

"Collection" of abstract binary feature data (i.e. eyes open or eyes closed)—as opposed to descriptive identifying data (i.e. blue eyes or brown eyes)—does not fall within the statute, because an abstract "identifier" is neither biometric nor an identifier. As will be developed below, none of the features that are checked and verified for purposes of passport compliance are unique or descriptive, and therefore they are not and cannot be "biometric."

### II. Plaintiffs' own pleading contradicts their claims, and does not plausibly plead identification.

A technology that is capable of detection—"that is *a* face"—is different entirely from one that is capable of identification—"that is *Mona Lisa's* face." The First Amended Complaint fails because it blurs this distinction, which is subtle, but crucial. Aside from conclusory allegations and unreasoned inferences, Plaintiffs never contend that the Photo System is capable of

4

identifying individuals. And, given the undisputed purpose of the Photo System product, identification or recognition technology is wholly unnecessary.

> A. **The Certificate and the CVS Website, both relied upon in the First Amended Complaint, demonstrate that the Photo System only checks features; it does not identify individuals.**

"[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); *see also Moyer v. Michaels Store, Inc.*, No. 14-c-561, 2014 WL 3511500, at *1 (N.D. Ill. July 14, 2014) (considering press releases referred to and linked in complaint). Plaintiffs attach screenshots of and include hyperlinks to CVS's "Passport Photos" webpage. *See* FAC ¶¶ 37, 41, 43, 57. Thus, this Court can freely consider the content therein at the Motion to Dismiss stage. That content shows that besides an unfortunate name, the Kodak Biometric ID Photo System has nothing to do with biometrics.

> 1. **The Certificate and the CVS Website demonstrate that the Photo System simply checks for the presence of certain features.**

As explained above, "biometrics" are "the measurement and analysis of *unique* physical or behavioral characteristics (such as fingerprint or voice patterns) *especially as a means of verifying personal identity*." Merriam-Webster, https://www.merriam-webster.com/dictionary/biometrics (emphasis added). Calling Kodak's system "biometric" does not make it so. The "Certificate for Biometric Passport Photos" ("Certificate"), which Plaintiffs allege "each consumer receives" and "Plaintiffs each received," and which Plaintiffs quote, screenshot, and link in their Complaint, states: "Your id photos have been *checked* for the *biometric features shown as checked in the above certificate*." *See* FAC ¶¶ 55–57 (emphasis added); *see also* CVS Passport Photos Website ("CVS Website"), https://www.cvs.com/photo/passport-photos.

5



Above the check boxes, the Certificate also says: "[t]he parameters listed below have been checked and verified for compliance for your passport." FAC ¶ 57; CVS Website. The features shown as checked, and listed in Plaintiffs' Complaint, are not unique or identifying: "Image must be the correct size; There must be a proper width/height ratio; Correct head size; Correct position of head in photograph; Image must be sufficiently bright; Image must have sufficient color balance; Eyes must be open; Eyes must be looking straight ahead; Mouth must be closed and not smiling; Eye glasses are not present/glare not present; and Facial position must be in the proper position." *Id.* ¶ 56.

Noticeably absent from the checklist is anything resembling a "scan of face geometry" or that could identify an individual. *Id.* ¶ 56.

### 2. A scan of face geometry is not necessarily identifying, and the technology here does not identify an individual.

Even if the Certificate did list "scan of face geometry" or the First Amended Complaint plausibly alleged that such a scan took place, scans do not *per se* result in identifying data. In fact, the Certificate and the CVS Website demonstrate that Plaintiffs' deductions that the Photo System must identify them are unwarranted.

For one, the large-font product description at the top of the CVS Website, which Plaintiffs quote in the FAC, says that the system "automatically *verifies* your photos meet all

6

government requirements." CVS Website (emphasis added); FAC ¶ 43. In fact, the CVS Website, including the Certificate, uses some version of the word "verify" in relation to the system process five times, as well as "checked" once. "Verify" and "check" are normative, binary rather than descriptive words—they suggest a correct answer.

The correct answers are found in the "government requirements" referenced and linked from the CVS Website. *See* https://www.cvs.com/photo/passport-photos ("please click here for more information about passport photo compliance," linking U.S. State Department website). Unsurprisingly, then, the First Amended Complaint does not dispute that the system is checking for passport photo requirements. *See e.g.*, FAC ¶ 6 ("CVS matches each customer's facial geometry against the passport photo requirements.").

Moreover, the requirements are a matter of public record.[1] A perusal of the State Department's "Passport Photos" page shows that each of CVS's "biometric features" or "parameters" is simply a government requirement. *See* https://travel.state.gov/content/travel/en/passports/how-apply/photos.html. The "Tips for Submitting your Photo" boxes on the State Department "Passport Photos" page, when expanded, contain the requirements that the "biometric features" test. For example, CVS Certificate: "Correct head size;" State Department site: "Head must be between 1 -1 3/8 inches (25 - 35 mm) from the bottom of the chin to the top of the head."

All of the "biometric features" that are "checked and verified" are binary rather than descriptive data points, some do not even pertain to the subject of the photo (*e.g.* brightness of image, proper width/height ratio, image must be correct size), and there is nothing unique or

---

[1] Courts may "take judicial notice of matters of public record and consider documents incorporated by reference in the pleadings." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019).

identifying about any of them. *See again* Merriam-Webster, https://www.merriam-webster.com/dictionary/biometrics. In short, the data "checked" by the Photo System is yes or no data, not descriptive data.

To test this, compare "correct head size" to a fingerprint—there is no "correct" fingerprint. One's fingerprint is one's fingerprint. Or consider attempting to describe someone by the "biometric features" that are verified: "I ran into my friend Bob on the street; he's the one whose eyes are open. Sometimes his mouth is closed, and he is not smiling." Or, imagine a police sketch artist trying to draw a perpetrator with the Certificate features checklist. It would be impossible.

What's more, the "features" the Photo System "checks" are not static, as is shown by the fact that each consumer receives the Certificate "*after* the scan is complete." FAC ¶ 55. Rather, features like "eyes open" are true of someone in one moment, and untrue in the next. Everyone, even Plaintiffs, must blink and open their mouths every once in a while; there is nothing unique or identifying about that.

### 3. Without basis, the First Amended Complaint converts "features" into "identifiers."

Yet contradicting the Certificate and the CVS Website, upon which they rely, Plaintiffs turn the "biometric features" of the checklist into "biometric *identifiers*." *See e.g.*, *id*. ¶ 51 (emphasis added). Plaintiffs' First Amended Complaint leans heavily on this unexplained blurring of "biometric feature" and "biometric identifier" without any apparent justification.

But importantly, at the very end of a series of boilerplate BIPA allegations, Plaintiffs tip their hand about their logical leap. They plead: "CVS *could not* certify the Biometric Passport Photos as it does without collecting biometric identifiers because verifying the specified criteria—eyes open, eyes looking straight ahead, mouth unsmiling, facial position, head size and

8

so on—necessarily requires mapping and measuring the facial features." *Id*. ¶ 60 (emphasis added); *see also id*. ¶ 61 ("CVS *would not* be able to determine if a person's eyes are open … without scanning facial geometry *ie*, the geometry of the eyes, mouth, and face. Such measurements are unique to the individual.") (emphasis added). Plaintiffs slip into the conditional here because they are, at best, guessing. But the Certificate and the CVS Website show that Plaintiffs' logic cannot withstand scrutiny.

Plaintiffs also rely on another fundamental elision in paragraph 61, turning face "geometry" into "measurements"—again, without a logical basis or any attempt at explanation. *Id*. ¶ 61. Plaintiffs do not allege any specific facts that detail what "measurements" are actually taken and why they are unique, besides "*ie*, the geometry of the eyes, mouth, and face." *See id*. There is no reason the Certificate data need be unique, and all of the evidence suggests that it is not.[2] "The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Brown v. CACH LLC*, No. 20-cv-4579, 2021 WL 4133517, at *1 (N.D. Ill. Sept. 10, 2021).

Simply put, there is no logical or empirical reason that "checking" the listed "biometric features" must result in unique or identifying data. In the face of all available evidence and logic, Plaintiffs offer only half-baked speculation that identifying measurements are collected, which happens to parrot the statutory elements of a BIPA claim. That is not enough.

      **B.**    **The alleged collection of names, phone numbers, and emails does not change the analysis.**

Added after this Court's initial dismissal, Plaintiffs' new allegation about the collection of personal identifying information is a red herring. "As detailed below, prior to using the CVS

---

[2] The "Passport Photo" website does say "measurement" twice, but in relation to FAQs about the correct size of a passport photo and a visa. *See* https://www.cvs.com/photo/passport-photos.

passport service customers must first provide identifying information (e.g., last name, first name, phone number and email) on self-service computer terminals [kiosks] within the CVS store." FAC ¶ 4; *see also id*. ¶¶ 44–49 (providing pictures and additional details). "And, as a result of the identifying information required to use the System, CVS was more than capable of associating the Biometrics collected with the users' identities." *Id.* ¶ 7.

Well, not exactly. The success of Plaintiffs' claims rises and falls upon the question of whether the Photo System data is unique to an individual. If the Photo System data is not unique, which it is not, then associating personal identifying information with it does not make it so.

Just as one could not recognize Bob on the street based upon a description using the Certificate factors, the association of personal identifying information with binary "yes/no" passport requirements does not create a biometric identifier. For CVS customers to get a usable passport photo, they need a data "yes" from each category. *See* https://www.cvs.com/photo/passport-photos. The Certificate evidences that this is the data that the Photo System has received. This is markedly different than other BIPA face-recognition cases that have survived motions to dismiss. *See Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1091 (N.D. Ill. 2017) (alleging Google Photos scanned photo subjects' facial templates and then used the identifying templates to group photos of the same person); *see Trio v. Turing Video, Inc.*, 2022 WL 4466050, at *12 (alleging a COVID-19 software recognized employees based upon their facial geometry before checking that they were wearing masks and did not have a fever). Indeed, in those cases, recognition of individual identities was an important part of each product. "So whatever a private entity does in manipulating a biometric identifier into a piece of information, the resulting information is still covered by the Privacy Act *if that information can be used to identify the person*." *Rivera*, 238 F. Supp. 3d at 1095 (emphasis added).

10

Here, Plaintiffs do not plausibly contend that identification or recognition data is at play. Rather, they make bare allegations of scans of facial geometry taking place, and then default to unwarranted deductions that the resulting data is unique. There is no reason for the data to be unique—the Photo System does not require unique data like a photo grouping or employee-recognizing technology does. *See again* FAC ¶ 56 (the list of features on the passport certificate).

In any event, the Court can take as true both that the features on the Certificate are collected and that they are associated with a customer's name, address, and email and still comfortably find that biometric identifiers were not collected. A simple hypothetical confirms this. Taking Plaintiffs' allegations as true (which they are not), suppose that CVS has an excel sheet with a column for a customer's personal identifying information and columns for the biometric features. In the following example, Mr. Vallas had to have his photo taken twice, because he smiled for the first one.

| Name | Email | Eyes Open | Eyes Ahead | Mouth Unsmiling |
|---|---|---|---|---|
| Paul Vallas | paul@vallas.org | Yes | Yes | No |
| Paul Vallas | paul@vallas.org | Yes | Yes | Yes |
| Brandon Johnson | brandon@ctu.org | Yes | Yes | Yes |

The data sheet has rows of data structured exactly like this, and then a CVS intern comes along. Hoping to be helpful, he decides the sheet should be in alphabetical order. However, he accidentally only sorts the "Name" column, and does not sort the "Biometric" features columns. Once this is done, there is no way of re-identifying or associating the name with the feature data, because the feature data is in no way unique or identifying. Accordingly, even taking as true the allegation that CVS routinely collects and stores personal identifying information as part of the Photo System (it doesn't), there is still no biometric information in the Photo System.

11

**CONCLUSION**

For the foregoing reasons, CVS respectfully requests this Court dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). Given that Plaintiffs have already been allowed leave to amend once, dismissal should be with prejudice.

Dated: March 7, 2023

Respectfully submitted,

CVS PHARMACY, INC.

By: */s/ Matthew C. Wolfe*

Matthew C. Wolfe
Andrew L. Franklin
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
mwolfe@shb.com
afranklin@shb.com

***Attorneys for Defendant CVS Pharmacy, Inc.***

## **CERTIFICATE OF SERVICE**

I, Matthew C. Wolfe, an attorney, hereby certify that on **March 7, 2023**, I caused a true and correct copy of **CVS PHARMACY, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT** to be filed electronically. Notice of this filing will be sent through the Court's CM/ECF system to counsel of record.

*/s/ Matthew C. Wolfe*