IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE DAICHENDT and ADA "JUNE" ODELL, individually, and on behalf of all others similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> CVS PHARMACY, INC., </br></br> Defendant. | Case No. 22 CV 3318 </br></br> Judge Robert W. Gettleman |

**ORDER**

Denise Daichendt and Ada "June" Odell ("plaintiffs") bring a first amended class action complaint against defendant CVS Pharmacy, Inc., alleging violations of § 15(b) of the Illinois Biometric Information Privacy Act ("BIPA"). On March 7, 2023, defendant moved to dismiss plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 24). The court denies defendant's motion.

On May 20, 2022, plaintiffs filed their original complaint against defendant CVS Pharmacy, Inc. in state court pursuant to §§ 15(a), (b), and (c) of BIPA. Defendant removed the action to federal court on June 24, 2022. On August 5, 2022, defendant moved to dismiss the complaint. On December 2, 2022, the court remanded plaintiffs' claims under §§ 15(a) and 15(c) of BIPA for lack of standing, and dismissed plaintiffs' claim under § 15(b) because it determined that plaintiffs did not "allege that they provided defendant with any information, such as their names or physical or email addresses, that could connect the voluntary scans of face geometry with their identities." Daichendt v. CVS Pharmacy, Inc., No. 22 CV 3318, 2022 WL 17404488, at *5 (N.D. Ill. Dec. 2, 2022).

1

On December 12, 2022, plaintiffs filed a motion to reconsider under Federal Rule of Civil Procedure 59(e), and to vacate the judgment pursuant to Federal Rule 60(b) with leave to file an amended complaint pursuant to Federal Rule 15(a)(2), which the court granted. The court modified its dismissal of plaintiffs' claim under § 15(b) of BIPA because plaintiffs had not previously amended their complaint, and the court's December 2022 order did not conclude that amendment would be futile. In fact, plaintiffs proposed amended complaint alleges additional facts that addressed the court's concerns with plaintiffs' claim under § 15(b). On February 7, 2023, plaintiffs filed their first amended complaint, and allege that they, and other similarly situated individuals, entered their names, email addresses, and phone numbers into a computer terminal inside defendant's stores prior to scanning their biometric identifiers. Defendant moves to dismiss plaintiff's first amended complaint.

"To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). For a claim to have "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In its instant motion to dismiss, defendant argues that plaintiffs' additional factual allegations have not "cured the fundamental deficiency that ailed their original complaint" because "they have not added . . . plausible allegations that the Photo System 'made defendant capable of determining their identities.'"

According to defendant, there is a fundamental difference between identification of "biometric identifiers" and detection of "biometric features." In other words, defendant argues that BIPA contemplates a process that determines "that is Mona Lisa's smile," and its photo system determines "that is (or is not) a smile" instead. Defendant argues that collecting data on

2

an "abstract binary feature," like "eyes open" or "eyes closed," is "not associated with an individual's identity," making plaintiffs' claim that defendant's photo system improperly collects and stores their biometric identifiers, implausible. The court disagrees. As the court concluded in its December 2, 2022, order, the relevant inquiry is whether defendant's collected data makes defendant <u>capable of</u> identifying plaintiffs. Plaintiffs plausibly allege that defendant collected and stored their personal contact data ("real-world identifying information"), such as their names and email addresses, which made defendant capable of identifying them when associated with scans of their face geometry ("biometric identifiers").

Plaintiffs' pleading does not contradict their claims. Rather, defendant emphasizes the <u>purpose</u> of the photo system, which is to "check" and "verify" an individual's features for passport photographs, and the <u>output</u> of the photo system, which is a certificate with checked boxes for each government-required parameter. The court agrees with defendant that the photo system's output addresses non-identifying features, such as closed or open eyes, and closed, non-smiling mouths. The relevant inquiry, however, is whether defendant's photo system collects or stores plaintiffs' identifying biometric data during the <u>process</u> of verifying plaintiffs' features. The court concludes that plaintiffs plausibly allege that it does so.

According to plaintiffs, "CVS could not certify the Biometric Passport Photos as it does without collecting biometric identifiers because verifying the specified criteria—eyes open, eyes looking straight ahead, mouth unsmiling, facial position, head size and so on—necessarily requires mapping and measuring the facial features." They cite <u>Pruitt v. Par-A-Dice Hotel Casino</u>, No. 20-CV-1084-JES-JEH, 2020 WL 5118035 (C.D. Ill. Aug. 31, 2020), and <u>Kukovec v. Estee Lauder Cos., Inc.</u>, No. 22 CV 1988, 2022 WL 16744196 (N.D. Ill. Nov. 7, 2022), to suggest that they are not required to plead technical details about defendant's device or software.

3

The court agrees that these cases are instructive at this stage of litigation.

Defendant attempts to bolster its point with narrative examples. According to defendant, "[t]he success of Plaintiffs' claims rises and falls upon the question of whether the Photo System data is unique to an individual." Defendant argues that "one could not recognize Bob on the street based upon a description using the Certificate factors," and a hypothetical intern, faced with a chart of output information from the photo system's printed certificates, could not "re-identify" an individual.

These hypotheticals miss the point. The problem is not the certificate (i.e., the photo system's output) or the purpose of the photo system (i.e., to ensure passport-ready photographs). The problem, as plaintiffs plausibly allege, is that in order to determine whether an individual's eyes are open or closed, or whether the individual's mouth is closed or smiling, the photo system would necessarily have to scan the individual's face. Defendant does not explain how the photo system could verify whether an individual's eyes are open, or mouth closed, without determining that the photograph in fact shows a face with eyes and a mouth. Defendant's own hypotheticals show why it is reasonable to infer that the photo system scans face geometry to work, and its website does not explain this part of the technological process.

It is true that plaintiffs do not allege <u>why</u> defendant would want to store plaintiffs' biometric data, or use it to identify them, but defendant cites no binding authority to suggest that § 15(b) requires plaintiffs to plead defendant's motive.[1] What § 15(b) requires is that an entity collects or stores biometric data that is capable of identifying an individual. Plaintiffs have

---

[1] In fact, <u>Kukovec</u> suggests the opposite: "Under Illinois law, violation of a statutory standard of care is prima facie evidence of negligence. In the context of BIPA, this means that as long as a plaintiff adequately alleges impermissible data possession and collection, she doesn't need to separately allege negligence." <u>Kukovec v. Estee Lauder Companies, Inc.</u>, No. 22 CV 1988, 2022 WL 16744196, at *8 (N.D. Ill. Nov. 7, 2022) (citing <u>Cuyler v. United States</u>, 362 F.3d 949, 952 (7th Cir. 2004)).

4

stated a claim under § 15(b), where they allege that defendant scanned their face geometry to evaluate whether their face, as photographed, meets the government's passport requirements, and where their scan is associated with their personal contact information in defendant's photo system. Accordingly, the court denies defendant's motion to dismiss (Doc. 24). Defendant is directed to answer plaintiffs' first amended complaint on or before May 24, 2023. The parties are directed to enter a joint status report using this court's form on or before May 31, 2023.

        **ENTER:**

        **Robert W. Gettleman**
        **United States District Judge**

**DATE: May 4, 2023**