IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADA "JUNE" ODELL, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22 CV 3318 |
| v. | ) ) | Judge Robert W. Gettleman |
| CVS PHARMACY, INC., | ) ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On May 20, 2022, then-plaintiffs Denise Daichendt and Ada "June" Odell filed their putative class action complaint against defendant CVS Pharmacy, Inc., in state court pursuant to the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15(a), (b), (c). Defendant removed the case to federal court on June 24, 2022. On August 5, 2022, defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which this court granted in part and denied in part on December 2, 2022. See <u>Daichendt v. CVS Pharmacy, Inc.</u>, No. 22 CV 3318, 2022 WL 17404488 (N.D. Ill. Dec. 2, 2022), <u>modified on reconsideration,</u> No. 22 CV 3318, 2023 WL 3579082 (N.D. Ill. Feb. 3, 2023). On December 12, 2022, plaintiffs filed a motion to reconsider under Federal Rule of Civil Procedure 59(e), and to vacate the judgment with leave to file an amended complaint, which the court granted on February 3, 2023. See <u>Daichendt v. CVS Pharmacy, Inc.</u>, No. 22 CV 3318, 2023 WL 3579082 (N.D. Ill. Feb. 3, 2023).

Plaintiffs filed their amended complaint on February 7, 2023, and defendant moved to dismiss the complaint on March 7, 2023. The court denied defendant's motion on May 4, 2023, see <u>Daichendt v. CVS Pharmacy, Inc.</u>, No. 22 CV 3318, 2023 WL 3559669 (N.D. Ill. May 4,

2023), and defendant filed its answer and affirmative defenses on May 24, 2023 (Doc. 32).[1] On October 10, 2023, defendant filed the instant motion for leave to amend its answer to add an affirmative defense stating that a substantial number of members of the putative class would be subject to an arbitration clause in defendant's Extracare loyalty program agreement (Doc. 51). For the reasons discussed below, defendant's motion is denied.

## **BACKGROUND**

Discovery began after defendant filed its answer and affirmative defenses on May 24, 2023, and the parties concurrently provided their first written discovery responses on or about August 30, 2023. According to defendant, "[i]n the process of responding to discovery and collecting documents for production, CVS and the undersigned counsel came across loyalty program ('Extracare') documents with arbitration clauses." Defendant states that these documents contain individual arbitration clauses beginning in or around July 2021, and that "[g]iven the scope of Plaintiff's putative class . . . and the number of alleged [CVS] stores in Illinois (over 200), there are undoubtedly members of the putative class who would be subject to the Extracare arbitration clause."

Consequently, defendant moves to amend its answer to add an affirmative defense that a "substantial number of members of the putative class would be subject to an arbitration clause in CVS'[s] Extracare loyalty program agreement." Defendant states that "[b]ased on information currently available to CVS, it does not appear as if named Plaintiff Odell is subject to the Extracare arbitration clause" because she joined the program before the arbitration provision was included. The Extracare terms were updated on December 1, 2022 (during the pendency of this litigation), but defendant currently does not have evidence that plaintiff received the terms

---

[1] On September 11, 2023, the parties stipulated to the voluntary dismissal, without prejudice, of named plaintiff Denise Daichendt, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

update email.  Defendant states that it is looking into whether it has a record of plaintiff getting

that email, and if it has such a record, it will produce it.  Defendant has also stated its intent to

issue arbitration-related discovery requests to plaintiff if the court grants the instant motion.

## **DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after

a responsive pleading has been served with the opposing party's written consent or the court's

leave.  Federal Rule 15(a)(2) instructs district courts to grant leave to amend "when justice so

requires," and is intended to reflect a liberal attitude toward the amendment of pleadings.  See

Foman v. Davis, 371 U.S. 178, 181–82 (1962).  However, courts have discretion to deny leave to

amend when there is undue delay, bad faith, or dilatory motive, or when allowing the amendment

would result in futility or undue prejudice to the opposing party.  See Park v. City of Chi., 297

F.3d 606, 612 (7th Cir. 2002).  The party seeking the amendment carries the burden of proof to

show that no prejudice will result to the non-moving party.  See King v. Cooke, 26 F.3d 720, 724

(7th Cir. 1994).

In this case, defendant seeks to amend its answer and to present notice of its right to

arbitrate.  Plaintiff counters that defendant should be denied leave to amend its answer because it

has waived its right to arbitrate.  Like other contractual rights, the right to arbitrate can be

waived, either expressly or implicitly.[2]  See Smith v. GC Servs. Ltd. Partnership, 907 F.3d 495,

499 (7th Cir. 2018) (citing St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod.

Co., 969 F.2d 585, 590 (7th Cir. 1992)).

Courts evaluate whether a party has implicitly waived the right to arbitrate if, considering

the totality of the circumstances, that party acted inconsistently with arbitration.  See Kawasaki

---

[2] It is undisputed that there is no evidence that defendant expressly waived its right to arbitrate.

Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc., 660 F.3d 988, 994 (7th Cir. 2011). One heavily weighed factor in this analysis is the moving party's diligence or lack thereof. See Cabinetree of Wisconsin v. Kraftmaid Cabinetry, 50 F.3d 388, 391 (7th Cir. 1995). Additional factors may include "whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration, or participated in discovery." See Kawasaki, 660 F.3d at 994. Unlike a party moving to amend its pleading (which must demonstrate lack of prejudice to the nonmoving party), the Seventh Circuit does not require a demonstration of prejudice regarding the non-waiving party, although it is a "relevant factor in the totality-of-the-circumstances analysis." Id.

The court first considers whether defendant has demonstrated that "justice so requires" its proposed amendment pursuant to Federal Rule 15(a)(2). As discussed above, Federal Rule 15(a)(2) requires demonstrating that defendant has not acted with undue delay, bad faith, or dilatory motive in filing its motion to amend. Defendant argues that its motion is not unduly delayed because there are at least fourteen months before trial, based on the parties' May 31, 2023, status report, which states that the parties would be prepared for trial in January 2025 at the earliest. Further, defendant emphasizes that its proposed amendment impacts only the putative class, not the named plaintiff, and its motion "avoid[s] surprise," by ensuring that plaintiff is "on notice of this possible defense as to certain class members."

Plaintiff counters that defendant brings its motion with undue delay and bad faith. According to plaintiff, defendant is disingenuous when it claims that it "only recently 'came across' its own Extracare loyalty program's documents," given that defendant is "a sophisticated corporate defendant with sophisticated counsel," and has known about the Extracare arbitration provision since the provision was first added in June 2021.

The court, however, rejects plaintiff's arguments. Defendant informed plaintiff of its desire to amend its affirmative defenses only twelve days after the parties exchanged discovery objections and responses on August 30, 2023. No discovery documents, class-wide or otherwise, have been exchanged. Most importantly, the putative class remains uncertified, and unnamed putative class members are not parties to the case until and unless the class is certified. See Smith v. Bayer Corp., 564 U.S. 299, 313 (2011). There is no right to compel arbitration against putative class members until class certification has been granted and the notice and opt-out period are complete. See, e.g., Hill v. Xerox Bus. Servs., LLC, 59 F.4th 457, 469 (9th Cir. 2023). Thus, arbitration is not a cognizable defense at this point in the litigation. See Taylor v. Pilot Corp., No. 14-CV-2294-SHL-TMP, 2016 WL 4524310, at *3 (W.D. Tenn. Mar. 3, 2016), aff'd, 697 F. App'x 854 (6th Cir. 2017); In re Checking Acct. Overdraft Litig., 780 F.3d 1031, 1036–38 (11th Cir. 2015).

That being said, plaintiff's primary argument is that amendment would be futile at any point in this litigation, and relatedly, defendant's proposed amendment would result in undue prejudice to plaintiff.[3] Plaintiff reminds the court that it "is not to place its thumb on the scales" in favor of arbitration. Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir. 1995). According to plaintiff, defendant's proposed amendment is futile because defendant has waived its right to arbitrate by acting inconsistently with that right, and without reasonable diligence.

For example, plaintiff emphasizes that defendant filed two motions to dismiss that

---

[3] Plaintiff structures its argument around the standard for waiver of the right to arbitrate, rather than the standard for leave to amend pursuant to Federal Rule 15(a)(2). Whether defendant has waived its right to arbitrate is a relevant factor in the court's examination of the futility, or lack of futility, of granting amendment. The court acknowledges, as defendant argues, that defendant has not filed a motion to compel arbitration; rather, it moves for leave to amend. When courts evaluate motions for leave to amend to add an affirmative defense, prejudice to the nonmoving party is an important consideration. See, e.g., Al-Nahhas v. Rosebud Lending LZO, No. 22-CV-750, 2023 WL 5509320, at *5–6 (N.D. Ill. Aug. 25, 2023).

addressed the substantive merits of the case which, if granted, would have terminated the case "just as surely as a judgment entered after a trial." See Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc., 660 F.3d 988, 994–95 (7th Cir. 2011). Importantly, defendant's motions to dismiss would have terminated the case for both the putative class (many of whom are likely subject to arbitration) and the named plaintiff (who, at least at this time, is not subject to arbitration). Moreover, defendant has engaged in discovery, which may have already included interrogatories that would not normally be permitted in arbitration, giving defendant a strategic advantage against the putative class members. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31 (1991) (noting that discovery in arbitration may not be as robust as in federal court litigation).

It is not immediately clear how defendant's proposed amendment could prejudice plaintiff, given that she is not subject to the relevant arbitration provision, and she may be limited in her ability to raise arguments on behalf of the putative class. For example, in In re Checking Account Overdraft Litigation, 780 F.3d 1031, 1039 (11th Cir. 2015), the Eleventh Circuit determined that "the named plaintiffs lack[ed] standing to assert any rights [that] the unnamed putative class members might have to preclude [the defendant] from moving to compel arbitration because the named plaintiffs ha[d] no cognizable stake in the outcome of that question." Yet, this court agrees with plaintiff that allowing defendant's proposed amendment in the instant case would lead to "some limited prejudice" to plaintiff because it would subject her to additional discovery, as well as the risk of a motion to compel arbitration in the future if she or defendant ultimately produces evidence that she received the terms update email for Extracare in December 2022.[4]

---

[4] In its briefs, defendant states that if it receives documentation from plaintiff, or takes plaintiff's deposition, and determines that plaintiff is subject to the arbitration provision, it intends to move to compel arbitration as to plaintiff.

This risk is especially prejudicial because, as plaintiff argues, the court has already ruled on two motions to dismiss in the instant case. Parties do not automatically waive their right to arbitrate by filing a motion to dismiss. See Brickstructures, Inc. v. Coaster Dynamix, Inc., 952 F.3d 887, 892 (7th Cir. 2020); Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prod., Inc., 660 F.3d 988, 995 (7th Cir. 2011). However, this court's rulings contemplated the substantive merits of plaintiff's claims, and defendant stood to resolve all claims against it in one fell swoop, rather than risk individual arbitration with plaintiff and each member of the putative class, resulting in potential strategic advantage.[5] To the extent that defendant's proposed amendment risks prejudice to plaintiff, this court is persuaded that plaintiff has demonstrated that defendant should not be allowed to amend its answer at this time.

Further, the court agrees with plaintiff that defendant has acted inconsistently with the right to arbitrate and failed to diligently raise the issue, making its proposed amendment (to the extent that the proposed amendment affects plaintiff) futile under Federal Rule 15(a)(2). As plaintiff argues, defendant demonstrated its intent to proceed in a non-arbitral forum by removing the case to federal court and engaging in significant merit-based litigation over the last 17 months. Moreover, diligence requires a party to "do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir. 2004) (internal quotations omitted). Despite its diligence obligation, defendant "inexplicably neglected to investigate [the right] by searching its own records." See Lukis v. Whitepages Inc., 535 F. Supp. 3d 775, 789 (N.D. Ill. 2021) (emphasis added). Defendant's lack of diligence is even more inexplicable given its update of its contract terms during the pendency of this litigation, as well

---

[5] Defendant does not dispute the substantive nature of its motions to dismiss; rather, defendant asserts that "[w]hen a claim is not plausible, a motion to dismiss is the logical vehicle for dispatching the suit."

as defendant's history with arbitration.

Nevertheless, to the extent that plaintiff objects to defendant's proposed amendment on behalf of the putative class, this court is not convinced that her objections are proper. As discussed above, any unnamed putative class members are merely hypothetical, and defendant's purported arbitration rights against other individuals have no legal relevance to the named plaintiff. See In re Checking Acct. Overdraft Litig., 780 F.3d 1031, 1039 (11th Cir. 2015).

The Ohio Supreme Court's reasoning in Gembarski v. PartsSource, Inc., 134 N.E.3d 1175 (2019), demonstrates the importance of timing when considering defenses against putative class members. Like the instant case, in Gembarski, the single named plaintiff was not subject to an arbitration agreement that was entered into by unnamed putative class members, and the defendant did not "raise a specific argument referring to or relating to arbitration in the defendant's answer." Id. at 1177. The Gembarski court reasoned that "[u]nnamed putative class members are not parties to the action prior to class certification; thus, [the defendant] did not need to raise defenses [in its answer] that would be applicable against only those unnamed putative class members who were merely potential future parties." Id. at 1181. Despite its failure to assert an arbitration defense in its answer, the defendant still argued that the class representative could not certify the class because he failed to satisfy the typicality and adequacy requirements pursuant to Ohio's civil rules. Id. at 1178. The Gembarski court concluded that "[a]rbitration as a defense to an action is a concept that is separate from arbitration as an attack on a plaintiff's satisfaction of [the class certification requirements]." Id. at 1180.

Although plaintiff has not yet moved to certify a class, the court determines that timing is important to the resolution of defendant's motion. Like the named plaintiff in Gembarski, in the instant case plaintiff does not have a cognizable stake in defending against defendant's

arbitration defense against the putative class members, and the court makes no premature determination whether defendant has waived any right to arbitration against the putative class members. That being said, plaintiff has demonstrated that allowing defendant to amend its answer at this stage of litigation would result in prejudice, and ultimately be futile, against her. Thus, this court denies defendant's motion to amend its answer pursuant to Federal Rule 15(a)(2).

## **CONCLUSION**

For the reasons set forth above, defendant's motion for leave to amend its answer to add an affirmative defense (Doc. 51) is denied.

ENTER:

Robert W. Gettleman
United States District Judge

DATE:   December 9, 2023